Appellant was convicted of malicious mischief, under Art. 791 of the Penal Code of 1895, under an indictment (omitting formal parts) which charged as follows: that appellant "did unlawfully, wilfully, and mischievously injure certain property, to-wit: a buggy, by then and there removing from the spindle of said buggy a tap, then and there of the value of twenty-five cents, the said buggy being then and there the property of Charles Price, * * * against the peace and dignity of the State." Motion was made in arrest of judgment because the indictment was fatally defective, "in that it failed to allege the value of the property injured." The indictment alleges the injury to be done to a buggy by removing a tap which was of the value of twenty-five cents. This position of appellant, in our view of the law, is well taken. Art. 701 of the Penal Code of 1895 provides that: "* * * If any person shall wilfully or mischievously injure or destroy any real or personal property of any description whatever, in such manner as that the injury does not come within the description of any of the offenses against property otherwise provided for in this Code, he shall be punished by a fine not exceeding $1,000; provided, that when the value of the property injured is $50, or less, then and in that event, he shall be punished by fine not exceeding $1200." It will be seen, by the terms of this statute, that the offense is a graded one, so far as the punishment is concerned. If the value of the property injured be in excess of $50, the punishment shall not he execeding $1,000. If it be $50 or less, the punishment shall not exceed $200. The value of the property furnishes the basis or criterion by which the punishment is to be rated or ascertained. It is not the amount of the injury done to the property that affords the criterion, but it is the value of the property upon which the injury is inflicted. This indictment fails to allege any value to the buggy, which is the property injured, and only alleges the value of the tap which was taken off the buggy. As the statute has provided, as a part of the offense, that it is necessary to a proper punishment of the party violating the statute, that the value of the property affords the criterion, it would seem to be a necessary element in the, crime, arid, if so, must, be alleged in the indictment. This was not done in this case, arid the motion in arrest of judgment should have been sustained. The judgment is reversed, and the prosecution ordered dismissed.
Reversed and Ordered Dismissed.